GROVER *et al. v.* NATIONAL CITY BANK OF ROME.

No. 10044.    AUGUST 10, 1934.

284

*Dillon, Calhoun & Dillon, Maddox, Matthews & Owens,* and *Porter & Mebane,* for plaintiffs in error.

*John W. Bale, James F. Kelly,* and *Wright & Covington,* contra.

PER CURIAM. ■ The caveat as amended failed to set forth any valid ground of objection to the probate of the will, except as to alleged mental incapacity. It failed to allege sufficient facts to show fraud, undue influence, or a mistake of fact by the testatrix as to the existence and conduct of the heirs at law. The court did not err in striking on demurrer all portions of the caveat as amended, except such as related to mental incapacity.

2. The charge of the court, excepted to in the motion for new trial, as applied to the evidence, was in accordance with the decisions by this court in *Slaughter* v. *Healh,* 127 *Ga.* 747 (9) (57 S. E. 69, 27 L. R. A. (N. S.) 1) ; *Credille* v. *Credille,* 123 *Ga.* 673 (51 S. E. 628, 107 Am. St. R. 157), and *Penn* v. *Thurman,* 144 *Ga.* 67 (2) (86 S. E. 233), and was not erroneous for the reasons assigned.

■ The evidence authorized the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except* BELL *and* HUTCHESON, JJ., *dissenting. It is our opinion that*

the caveat as amended alleged sufficient facts to show a mistake of fact by the testator as to the existence and conduct of caveators, who were heirs at law. We are also of the opinion that the charge to the jury was erroneous in that it would have permitted the propounder to obtain a judgment probating the will merely upon a presumption of sanity, and without requiring affirmative proof that the testatrix was apparently of sound mind.