## FRANKLIN *et al. v.* FIRST NATIONAL BANK OF ATLANTA, executor.

No. 12467.   DECEMBER 3, 1938.

*C. L. Redman,* and *Joel B. Mallet,* for plaintiffs.

*W. E. Watkins, B. B. Garland,* and *Brandon, Hynds & Tindall,* for defendant.

HARPER, Judge.   This case arose out of a contest of the last will and testament of Mrs. Mary Frances Smith, late of Butts County, Georgia. The caveators attacked the instrument offered for probate, contending that at the time of the execution of the will the testatrix was afflicted with monomania, and was also subjected to the undue influence of her daughter, a principal legatee under the will. The trial resulted in a verdict in favor of the propounder. The caveators' motion for new trial was overruled, and they excepted.

While no reference is made in the brief of plaintiffs in error to the general grounds of the original motion for a new trial, upon consideration there is no merit in these grounds. The verdict is amply supported by the evidence. Therefore we shall deal with the assignments of error in the amendment to the motion.

1. There is no merit in the exceptions to the charge of the court in the first special ground. The complaint in this ground is directed to the following excerpt from the court's charge: "Now, if you find, gentlemen of the jury, that this has been done to your satisfaction, or rather by a preponderance of the evidence, then I charge you that the burden then shifts, and the burden of proof would then be on the caveators to establish the grounds of their caveat (which, as I have already stated to you, are undue influence and monomania) to your satisfaction by a preponderance of evidence before you would be authorized to find in favor of the caveators and against the probating of the will." The contention is that inasmuch as the caveat asserted two separate and distinct grounds of caveat, either of which, if established, would have vitiated the instrument offered for probate, the charge above quoted placed too heavy a burden upon the caveators, for that it had the effect of instructing the jury that both grounds of caveat would have to be established satisfactorily, when, under the law, the satisfactory establishment of either of such grounds would have sufficed to avoid probate of the instrument offered. We can not concur in this contention. While, technically, the language used may have been inapt, the charge of the judge, when considered as a whole, presented clearly the issues raised by the caveat. The court took up separately in the charge the grounds of undue influence and monomania, and the jury was instructed, in a manner which could not have been confusing, that if the instrument offered for probate was executed under the domination of undue influence or under the influence of monomania or hallucination, the caveat should be sustained and the instrument not admitted to probate. Indeed, in the closing paragraph of the charge the court used the following language: "If, on the other hand, you believe that the grounds of the caveat should be sustained, and are sustained by the preponderance of evidence in the case either as to undue influence or monomania, then it would be your duty to find against the will." It has been repeatedly held by this court that where the law is substantially charged, and where the jury, considering the charge as a whole, could not have been misled as to the correct law of the case, mere inaptness or inaccuracy of expression by the judge in some excerpt from the charge will not afford cause for new trial.

2. Likewise there is no merit in the position taken by the plain-

tiffs in error in the second special ground, where error is assigned upon the following portion of the court's charge: "If the testator has sufficient intellect to enable him or her to have a decided or a rational desire as to the disposition of his or her property, this will suffice." Counsel for plaintiffs in error contend that the court erred by using the disjunctive "or" rather than the conjunctive "and" between the words "decided" and "rational," in view of the Code provision which requires a testator, for his will to be valid, to have a decided and rational desire as to the disposition of his property. However, it has frequently been held that the inadvertent use by the judge of the disjunctive where the conjunctive should be used, or vice versa, where it is not likely that the jury was misled thereby, or rendered a verdict which they would not have rendered had the appropriate word been used, is not reversible error. We find no reason for the existence of either of those contingencies in the record in this case. Especially is this true when, by further reference to the charge, we find that subsequently to the use of the language complained of the court charged the jury in the language of the Code, § 113-202, as follows: "The amount of intellect necessary to constitute testamentary capacity is that which is necessary to enable the party to have a decided and rational desire as to the disposition of his property. His desire must be decided, as distinguished from the wavering, vacillating fancies of a distempered intellect. It must be rational, as distinguished from the ravings of a madman, the silly pratings of an idiot, the childish whims of imbecility, or the excited vagaries of a drunkard." The court's charge on the subject of testamentary capacity was comprehensive and well expressed, and no cause for new trial is revealed in this ground of the motion.

3. Error is assigned on the following charge of the court: "I charge you, gentlemen of the jury, that the rule as to the burden of proof is what is known as preponderance of evidence. That is, if the execution of the will has been proven to your satisfaction, then, the burden being shifted to the caveators, they must sustain, as I have already stated, the grounds of their caveat or objections to your satisfaction by a preponderance of evidence." The plaintiffs in error contend that this charge limited the burden which the law places upon the propounder of the will; for that the court failed to tell the jury in the same sentence that the burden was on the

propounder to show free and voluntary action and testamentary capacity on the part of the testator. Before using the language complained of, the court charged the jury as follows: "Now, gentlemen, I charge you that the burden in this case is upon the propounder, Mrs. Helen Head, to make out a prima facie case by showing the factum of the will, that is, it was executed by her, the paper that is offered as a will is her will, and that it was executed by Mrs. Smith, the testatrix, freely and voluntarily, and that at the time of its execution the testatrix apparently had sufficient mental capacity to make a will." Except in instances of apparent resulting injury, this court will not consider language contained in isolated excerpts from the charge of the judge, manifestly used by way of reiteration and for the purpose of affording better expression, apart from the whole contexture of the charge. The jury was adequately instructed as to the burden carried by the propounder; and this ground of the motion is without merit.

4. Complaint is made of the following language contained in the charge of the court: "That is the right which the law gives to her citizens." The charge was given in the following connection: "I charge you, gentlemen of the jury, that a will is the legal declaration of a person's intention as to the disposition of his property after his death. That is the right which the law gives to her citizens." It is contended that this charge was error, for the reason that it in effect told the jury that the law gave to every citizen the right to make a will, irrespective of whether they possessed sufficient capacity or not, or whether the will is or not executed under undue influence or other circumstances frowned on by the law. We can not concur in this viewpoint. The statement by the judge that every citizen has the right to make a will is a correct statement of the law. While it is true that the law provides that absence of testamentary capacity will invalidate a will, and the law also provides that where the will of one wielding undue influence or practicing fraud or other act upon the testator is substituted for the will of the testator himself, the testament will likewise be invalidated, yet neither of these rules is directed to the abridgment of the right of the citizen to make a will. The testamentary-capacity rule does not abridge this right, but simply recognizes the inability of one who comes within the operation of the rule to exercise the right which he unquestionably has. The undue-

influence rule not only does not challenge the right, but contemplates added protection of that right, and works destruction to any disposition by will and testament of property by any person other than the person entitled to make disposition thereof. No error is reflected in this portion of the court's charge.

5. Complaint is made of the following charge of the court: "I charge you that the presumption is always in favor of a mental capacity to make a will." Elsewhere in the charge the jury was instructed that the burden was on the propounder to establish the factum of the will, that it was freely and voluntarily made, and that the testatrix apparently had sufficient mental capacity to make a will, as a prerequisite to the making out by the propounder of a prima facie case. We see no less reason to presume sane action in the execution of a will than in other instances of human relations and conduct. Indeed, it would seem inconsistent with the sanctity with which our law has always treated the last testament of a deceased person, and inconsistent with the zeal with which the law strives to carry out these sacred mandates to the letter, to say that the maker of the will is not even clothed with a presumption of testamentary capacity in his favor. The policy of the law is to enforce the terms of a will, not to thwart the testator's intention or to make difficult the expression by him of that intention. Of course, a presumption favoring testamentary capacity is necessarily a rebuttable presumption, and the capacity of the testator is always a proper subject of inquiry. The law, in an abundance of caution, provides that the propounder, upon offering the will for probate, shall produce to the court the witnesses to its execution, to prove the factum of the will, that it was freely and voluntarily made, and also apparent testamentary capacity. This provision of the law is in no wise repugnant to a presumption in favor of testamentary capacity. The law, in its zealousness always to safeguard the rights of a deceased testator, although presuming testamentary capacity, deems it wise not to rely solely upon that presumption, but to make inquiry into the immediate circumstances of the execution of the will from those who were present at the time. While the presumption in favor of testamentary capacity exists, the presumption alone is not sufficient to make out for the propounder a prima facie case. As the learned judge charged the jury, the burden is on the propounder to show the factum of the will, free and volun-

tary action, and apparent testamentary capacity. When this is shown, together with the presumption of testamentary capacity which exists in the absence of proof, a prima facie case for the propounder is made out. Were it not true that a presumption existed in favor of testamentary capacity, it is doubtful that the legislature of the State would have permitted a prima facie case to be made out upon such cursory and perfunctory proof. The law does not require that witnesses to a will be selected because of their peculiar ability to discern mental deficiency. Experts are not required, and oftentimes wills are witnessed by people who are seldom, if ever, in the company of the testator, and have no opportunity or means to observe or judge his mental competency. When the capacity of the testator is being inquired into, the law naturally wants the facts surrounding the execution of the will, not because those facts would necessarily determine the capacity or non-capacity of the testator, but simply to aid the court and the jury, when taken along with all the other facts and circumstances adduced upon the inquiry. In the language of Chief Justice Bleckley (*Thompson* v. *Davitte,* 59 *Ga.* 472, 475), "The truth is that what the propounders have to carry, on the score of sanity and freedom, is more in the nature of ballast than of cargo. It is just burden enough to sail with—no more." There is no merit in this ground of the motion for new trial.

6. The next ground complains of the following charge: "Monomania is a diseased condition of the mind and is to be distinguished from error or bad judgment. It can be caused from previous illness and from the effects of injury or other conditions of the mind." The plaintiffs in error complain that this language does not constitute a correct definition of monomania, and that the trial court should have given the definition of monomania contained in the caveat. We see no wrong in the language of the trial court. If a more comprehensive definition were desired, there should have been a written request therefor. In fact this ground of the motion is incomplete, in that it does not set forth the definition which the court should have given in charge. Even if error had been committed, under the state of the record it would have been harmless, the allegation that the testatrix was afflicted with monomania being unsupported by the evidence.

7. Complaint is made because the court charged as follows: "If

the jury finds that the testatrix had sufficient capacity to make the will, the jury can not set aside the will merely because they think it is unjust or unreasonable. The law does not vest such power in the jury." This charge is so unquestionably correct that elaboration by this court would be futility.

8. The eighth and ninth grounds will be treated together. A subscribing witness to the will was permitted to testify that the testatrix was of sound and disposing mind and memory at the time, over the objection that such testimony was a conclusion of the witness. If it be true that no facts were given by the witness upon which to base a conclusion, objection was not made on this ground. Testimony as to mental status is necessarily opinionative, and the law requires that before a will can be probated the subscribing witnesses shall be inquired of as to apparent capacity or non-capacity. The fact that a witness witnesses a will qualifies him to give his opinion on that subject. Complaint is also made that the judge expressed an opinion when he ruled upon this objection by stating, "The law presumes that she was of sound mind." While we doubt the propriety of this statement, where the capacity of the testatrix was being challenged by the caveat, yet the statement was made during a colloquy between the court and counsel, and the record does not reveal that any motion to declare a mistrial was urged at the time of the statement. Under our view previously stated, that the evidence does not make an issue on the question of testamentary capacity, any error involved in the statement would be harmless.

While we have dealt with the special exceptions taken to the charge of the court, a careful examination of the evidence in this case convinces us that the verdict was demanded; and consequently, even if there had been any inaccuracies in the charge, a reversal of the verdict and judgment rendered would not be authorized. The judge did not err in overruling the motion for new trial.

*Judgment affirmed. Russell, C. J., and Jenkins, Duckworth, and Harper, JJ., concur. Davis and Wyatt, JJ., absent for providential cause.*