26668. McGEE v. LOFTIN et al.

ARGUED SEPTEMBER 13, 1971—DECIDED OCTOBER 7, 1971.

*Walton Hardin,* for appellant.

*Orr & Kopecky, Wilbur A. Orr, Joseph C. Jackson,* for appellees.

FELTON, Justice. Alice McGee, as the named executrix in the alleged will of Rose Morgan, deceased testatrix, sought to probate the will in solemn form. Barbara Lindsey Loftin and Hugh Matthews (or Mathews), heirs at law of the testatrix, by their caveat, as amended, denied the validity of the will, the grounds of caveat being lack of testamentary capacity; mistake on the part of the testatrix as to the property owned by her which could be disposed of by will; undue influence exercised by Mrs. Ethleen Harper and her son, Edward A. Harper, Jr., and monomania in connection with her niece, caveatrix Loftin. The propounder's motion for a directed verdict, made at the close of all of the evidence in the trial of the case in the superior court, was denied. The jury found in favor of the caveators, denying the probate of the alleged will. The propounder appeals from the judgments overruling her motions for a new trial as amended and for judgment n.o.v.

1. Enumerated error 1 is the overruling of the appellant's motion for a new trial on the general grounds. Since the

case is being reversed for reasons appearing in Division 2, hereinafter, and the evidence on another trial may not be the same, we can not rule on this ground of alleged error.

2. "Whenever the caveator introduces evidence, the propounder of the will is entitled to open and conclude the argument." 1 Redfearn on Wills (3d Ed.), § 133, p. 304, n. 101, citing *Potts v. House,* 6 Ga. 324 (1) (50 AD 329); *Oxford v. Oxford,* 136 Ga. 589 (2a) (71 SE 883); *Wood v. Davis,* 161 Ga. 690 (4) (131 SE 885); *Tilley v. King,* 190 Ga. 421 (3) (9 SE2d 670). The caveators having introduced evidence, the court erred, as alleged in enumerated error 2, in denying the propounder the right to open and conclude the argument. Rule 16 (2) of this court (220 Ga. 912) is not applicable, so as to require reference in the brief to the page of the transcript where the ruling may be found, since said ruling does not appear in the transcript, but is the subject of special ground 1 of the amended motion for a new trial, which was certified as true by the trial court and which special ground the court erred in overruling.

3. The court did not err, as contended in enumerated error 3, in overruling the appellant propounder's motion for judgment n.o.v., since the evidence adduced on the trial presented questions for the jury on some, if not all, of the issues raised by the caveat.

4. The court did not err, as alleged in enumerated errors 4, 5 and 8, in allowing both caveators to testify, over objection, as to transactions and conversations with the now deceased testatrix. *Code* § 38-1603 (1) provides: "Where any suit shall be instituted or defended by a person insane at the time of trial, or by an indorsee, assignee, or transferee, *or the personal representative* of a deceased person, the opposite party shall not be admitted *to testify* in his own favor against the insane or deceased person as to transactions or communications with such insane or deceased person whether such transactions or communications were had by such insane or deceased person with the party testifying or with any other person." (Emphasis supplied). "By the terms 'personal representative' the statute embraces only an

administrator, executor, or other person entitled to represent the decedent in the ownership or management of his general estate." *Gunn v. Pettygrew,* 93 Ga. 327 (1) (20 SE 328). The present proceeding (to probate the alleged will) was instituted by Mrs. McGee in her capacity as *propounder* of the will and, although she was named as executrix in the will, she would not become executrix, hence the "personal representative," unless and until the will is admitted to probate. Therefore, the caveators, although "opposite parties," were not rendered incompetent by the statute to testify in their own favor to any matters or things which are pertinent to the issue then on trial. See *Buchanan v. Buchanan,* 103 Ga. 90, 91 (29 SE 608); *Peretzman v. Simon,* 185 Ga. 681, 684 (196 SE 471); *Lee v. Boyer,* 217 Ga. 27, 32 (120 SE2d 757, 5 ALR3d 349).

5. Enumerated error 6 is the failure, upon appellant's objection, to rule out the entire testimony of one James Goldman, a witness for the caveators, on the ground that he was not competent to testify as to the deceased's competency as of the date of the execution of the will, November 28, 1969, since he had not seen her after August or September, 1969. Enumerated error 7 objects to the admission of testimony of Boyce Kennedy, another witness for caveators, as to the testatrix's capacity, since he was "not a medical man and he hasn't seen anything that would be a basis for his giving an opinion as to her sanity or insanity." "Opinion evidence as to the sanity of the testator may be given by three classes of witnesses: the attesting witnesses, medical witnesses, and witnesses other than attesting and medical witnesses. . . Any other witness may testify as to the sanity of the testator, provided he first qualifies by stating the facts on which his opinions are based, showing his opportunity to observe the testator and the symptoms, habits, acts, conduct, conversations, or other manifestations on the part of the testator on which such opinions are based." 1 Redfearn on Wills (3d Ed.), § 134, pp. 307, 308 and cit. Although it is necessary for the caveators to prove lack of testamentary capacity at the time of the execution of the

alleged will, this can be, and frequently must be, done by evidence of manifestations for a reasonable period of time prior to the actual execution of the will. Otherwise, the evidence would be restricted to a narrow span of time, inadequate to observe such manifestations. In the case of witness Goldman, 2 or 3 months was not an unreasonable time. In witness Kennedy's case, he testified that he had observed the decedent over a period of time up to the day before the execution of the alleged will and the time "when she made her last breath," which was also a sufficient foundation for his opinion *as to the sanity* of the testatrix. See *Merritt v. Wallace,* 173 Ga. 435 (160 SE 610). These enumerated errors are without merit based upon the objections made.

6. It was not error to allow the caveator to testify over objection as to the feelings and mental capacity of the testatrix two and one-half years prior to the execution of the alleged will, since this evidence was relevant and material on the issue of monomania, raised by the caveat, tending to show an unjustified change in the opinion that the testatrix had toward the witness. Enumerated error 9 is without merit. The court erred in its judgment overruling special ground 1 of the amended motion for a new trial, for the reason set forth in Division 2, hereinabove.

*Judgment reversed in part; affirmed in part. All the Justices concur.*