### 32934. LIGHTSEY et al. v. STRICKLAND.

HILL, Justice.

Appellants, two brothers and a sister of the testator, filed a caveat to the probate of the last will and testament of Bradford Lightsey in the Probate Court of Appling County. The will was executed in 1973 and the testator died a bachelor in 1975. The caveators sought to attack the will on grounds of lack of testamentary capacity, and undue influence on the part of another sister of the deceased, Audrey L. Strickland. She was nominated under the will as executrix and named as the beneficiary

of a life estate in the testator's sole asset, his farm, with remainder to a three-year-old nephew and namesake of the testator. After a hearing, the caveat was sustained and the propounder, Audrey L. Strickland, appealed to the superior court. The jury found in favor of the will and the caveators now appeal from the judgment entered by the trial court.

1. The trial court did not err in allowing the propounder to testify as to the facts and circumstances surrounding the preparation and execution of the will. The caveators argue that because she was a beneficiary under the will as well as nominated executrix, her testimony was barred under the "Dead Man's Act," Code Ann. § 38-1603, as well as Code Ann. § 113-304. We do not agree.

The will was prepared at the direction of the testator by an attorney, who, along with his partner, acted as witness to the execution of the will. After their testimony was presented, Audrey L. Strickland testified that she was also present.

In *McGee v. Loftin,* 228 Ga. 142 (184 SE2d 578) (1971), it was held that where a person nominated as executrix in a will becomes its propounder, i.e., files a petition to probate the will, the propounder of the will in such proceeding is simply that—the propounder, and is not yet the personal representative of the deceased. The propounder does not become "the personal representative" of the deceased within the meaning of the Dead Man's Act, Code § 38-1603 (1), unless and until the will is admitted to probate. A contrary construction of the Act would prohibit a caveator from testifying as to transactions or communications with the deceased, see *McGee v. Loftin,* supra, and would effectively eliminate many caveats. Thus, a person in propounding a will is not made the personal representative of the deceased by virtue of being nominated executrix in the will being probated so as to render that person incompetent to testify under Code § 38-1603 (1).

As was stated in *Brock v. Brock,* 140 Ga. 590 (1) (79 SE 473) (1913): "The propounder of a will, who is also named in the will as executor and as one of the legatees under the will, is not disqualified from testifying to the

fact of the signing of the will by the testator in the presence of the subscribing witnesses." The testimony of the propounder as to the fact of the signing of the will by the testator and the subscribing witnesses does not convert the propounder into a subscribing witness so as to invoke Code § 113-304 and thereby void any legacy or devise to such witness. The trial court did not err in allowing the propounder's testimony as to the facts and circumstances surrounding the preparation and execution of the will, including the signing thereof by the testator and witnesses.

2. The caveators contend it was error for the trial court to refuse to declare a mistrial based upon a voir dire question put to the two jury panels by counsel for the propounder and by the court's failure, without request, to instruct the jury to disregard the question. On voir dire propounder's counsel pointed to one of the caveators and asked if he had contacted any of the jurors or discussed the case with them, to which none of the prospective jurors responded. The caveators moved for mistrial arguing that this question was an effort to prejudice the jury by insinuating that there had been an attempt to tamper with the jury.

Without getting sidetracked on whether a motion for mistrial is premature before a jury is selected, we agree with propounder's argument that the question is relevant. However, we must also agree with caveators' argument that the question is somewhat inflammatory. We note that caveators' counsel did not request that the court instruct the jury to disregard the question and to draw no inference from it. We note further that caveators' counsel did not examine the prospective jurors on voir dire as to whether they had been influenced by the question. As a matter of fact, the motion for mistrial, although timely made in skeletal form with leave granted to perfect later, was not perfected until the jury was selected and the trial had begun. Under these circumstances movant had the option to withdraw the motion for mistrial if the jury selection went satisfactorily. The trial court's ruling in this case was not an abuse of discretion requiring a new trial. See *Whitlock v. State,* 230 Ga. 700 (5) (198 SE2d 865) (1973); *Kellar v. State,* 226 Ga. 432 (4) (175 SE2d 654)

(1970).

3. The caveators argue the trial court erred in refusing to allow their counsel to ask a witness, wife of one caveator, a question. After eliciting two short affirmative answers, counsel asked the witness: "And were you surprised when Bradford didn't leave your son. . ." On objection, the court ruled that this was a leading question, to which counsel replied "I have no further questions." Although we find no error, see *Howard v. Johnson,* 91 Ga. 319 (3) (18 SE 132) (1893); *Peretzman v. Simon,* 185 Ga. 681 (1) (196 SE 471) (1938).

4. The caveators argue that the trial judge failed to charge that only one of their objections need be proved in order to find against the propounder. Our review of the charge shows that this assertion is not correct. The trial judge charged: "If the propounder is entitled to prevail . . . why so find; on the other hand, if you find that at the time of the execution of this will that the grounds that are set out, or any of them, in the caveat, the objection, existed it would be your duty to find in favor of the caveators." As for the other alleged errors in the charge, we find no error.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 15, 1977 — DECIDED JANUARY 18, 1978.

*Gibbs, Leaphart & Smith, J. Alvin Leaphart,* for appellants.

*Albert E. Butler, Jap H. Highsmith,* for appellee.

