### 37052. JOHNSON et al. v. SULLIVAN et al.

SMITH, Justice.

Appellants are the three children of the decedent, Clarence Sullivan. They filed a caveat to the will propounded by appellees, the decedent's two brothers. The probate court rejected the caveat. In an appeal to the superior court, the jury found in favor of appellees. We affirm.

Following the death of his wife, the decedent became severely depressed. He twice attempted suicide. In 1971 he was committed to the Central State Hospital by order of the Probate Court of Cobb County. He was diagnosed as suffering from a psychotic depressive reaction. A few days after committal, however, his condition improved and he was placed on convalescent leave. See Former Code Ann. § 88-506.8. After a short stay with one of his brothers, the decedent returned home and resumed employment. No further suicide attempts were made until May 1974, when he took his life.

The decedent executed his will in January 1974. By its terms appellants were to receive 15% of the estate, appellees and a sister-in-law were to receive 55%, and the remaining 30% was to

be divided among two grandchildren and a nephew.

1. Appellants contend that the trial court erred in charging the jury that "Georgia law presumes the sanity of a citizen" because such a charge is "not . . . applicable to a will case." The same challenge was made and rejected in *Franklin v. First Nat. Bank,* 187 Ga. 268 (200 SE 679) (1938). The language of our opinion in that case is apropos: "Elsewhere in the charge the jury was instructed that the burden was on the propounder to establish the factum of the will, that it was freely and voluntarily made, and that the testatrix apparently had sufficient mental capacity to make a will, as a prerequisite to the making out by the propounder of a prima facie case. We see no less reason to presume sane action in the execution of a will than in other instances of human relations and conduct . . . The policy of the law is to enforce the terms of a will, not to thwart the testator's intention or to make difficult the expression by him of that intention . . . The law, in an abundance of caution, provides that the propounder, upon offering the will for probate, shall produce to the court the witnesses to its execution, to prove the factum of the will, that it was freely and voluntarily made, and also apparent testamentary capacity. This provision of the law is in no wise repugnant to a presumption in favor of testamentary capacity. The law, in its zealousness always to safeguard the rights of a deceased testator, although presuming testamentary capacity, deems it wise not to rely solely upon that presumption, but to make inquiry into the immediate circumstances of the execution of the will from those who were present at the time. While the presumption in favor of testamentary capacity exists, the presumption alone is not sufficient to make out for the propounder a prima facie case. As the learned judge charged the jury, the burden is on the propounder to show the factum of the will, free and voluntary action, and apparent testamentary capacity. When this is shown, together with the presumption of testamentary capacity which exists in the absence of proof, a prima facie case for the propounder is made out. Were it not true that a presumption existed in favor of testamentary capacity, it is doubtful that the legislature of the State would have permitted a prima facie case to be made out upon such cursory and perfunctory proof." Id. at 272-273. The trial court did not err in charging the jury on the presumption of sanity. See also *Grover v. National City Bank,* 179 Ga. 279, 286 (175 SE 555) (1934).

Appellants also assert that the trial court "erred in failing to give Caveators' Request to Charge No. 35 that, once insanity is shown it is legally presumed to continue, but may be rebutted." In a related argument, they contend that the trial court "erred in failing [to charge] that once adjudicated insane, if there is no discharge on the record of Probate Court, the person remains legally insane."

We find no error. Although the decedent was hospitalized pursuant to a finding under Former Code Ann. § 88-507.1 that he was mentally ill, it is uncontroverted that he received an administrative release shortly thereafter due to the improvement in his condition. Even assuming appellants are correct in their contention that the decedent's hospitalization gave rise to a presumption of insanity (see *Grace v. State,* 231 Ga. 113 (200 SE2d 248) (1973)), any such presumption clearly had ended by the time the decedent executed his will. The decedent's "administrative release under the 1969 law [Hospitalization of the Mentally Ill Act (Code Ann. Ch. 88-5)] canceled the continuing presumption under Code § 38-118 . . ." *Gilbert v. State,* 235 Ga. 501, 502 (220 SE2d 262) (1975).

2. Four medical doctors who examined the testator in 1971 testified in appellants' behalf. Appellees requested that the trial court instruct the jury that the doctors' testimony be considered for the limited purpose of showing the testator's mental capacity at the time of the execution of the will. See *Ware v. Hill,* 209 Ga. 214 (71 SE2d 630) (1952). The trial court gave the requested instruction, but omitted the name of one of the doctors. Appellants claim the instruction was harmful in three respects and necessitates reversal.

First, appellants argue that the testimony of Dr. Word, to the effect that two sons-in-law may have picked up the testator at the hospital at the time of his release, was relevant to other issues, i.e., undue influence and the relative "exclusion" of appellant daughters from the estate. In our view, this testimony was at best only marginally relevant to these issues. It is inconceivable that the limiting instruction affected the outcome of the case.

Appellants also contend that the trial court's failure to include the name of Dr. Townsend in the charge was erroneous. However, inasmuch as Dr. Townsend testified in appellants' behalf, we find no harmful error on account of this obviously inadvertent omission.

Finally, appellants argue that the failure to include the name of Dr. Huff, who testified in behalf of appellees, in the limiting instruction constitutes reversible error. This contention is meritless. "Where evidence is admissible for one purpose, it is not error for the court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, in the absence of a request to so instruct the jury." *Central of Ga. R. Co. v. Brown,* 138 Ga. 107 (2) (74 SE 839) (1912).

3. There is no merit to appellants' contention that the trial court erred in permitting appellees to testify that the testator made several statements to them about difficulties with his sons-in-law. This testimony was admissible to establish the testator's state of mind and explain his disposition of property. *Lee v. Boyer,* 217 Ga. 27 (3) (120

SE2d 757) (1961); *Shankle v. Crowder,* 174 Ga. 399 (2) (163 SE 180) (1931); Agnor's Georgia Evidence, §§ 11-24, 11-25.

4. Appellants assert that the trial court erred in assigning opening and closing arguments to appellees. We disagree.

It has been held: " 'Whenever the caveator introduces evidence, the propounder of the will is entitled to open and conclude the argument.' [Cits.]" *McGee v. Loftin,* 228 Ga. 142, 143 (184 SE2d 578) (1971). While "[i]t is permissible in a will contest for the caveator to admit a prima facie case for the propounder of the will, and thereupon to take the opening and conclusion" (*Tilley v. King,* 190 Ga. 421, 427 (9 SE2d 670) (1940); *Lavender v. Wilkins,* 237 Ga. 510, 516-517 (228 SE2d 888) (1976)), appellants have not done so here. Contrary to appellants' assertions, a prima facie case is not admitted merely by acknowledging the factum of the will. See *Davis v. Frederick,* 155 Ga. 809, 811-812 (118 SE 206) (1923); Redfearn, Wills and Administration in Georgia, § 133. The trial court did not err in assigning opening and closing arguments to appellees.

5. Code Ann. § 113-106 provides: "A testator, by his will, may make any disposition of his property not inconsistent with the laws or contrary to the policy of the State; he may bequeath his entire estate to strangers, to the exclusion of his wife and children, but in such case the will should be closely scrutinized, and upon the slightest evidence of aberration of intellect, or collusion or fraud, or any undue influence or unfair dealing, probate should be refused." Appellants assert that the trial court erred in failing to charge this section. We cannot agree. "[T]he provisions of the section should be applied only in a case where a party covered by the statute was altogether excluded in the will." *Smith v. Davis,* 203 Ga. 175, 179 (45 SE2d 609) (1947); *Deans v. Deans,* 171 Ga. 664, 681 (156 SE 691) (1931). This is not such a case.

6. Appellants' remaining enumerations of error, which raise various alleged errors in the charge, are patently meritless and require no discussion.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 26, 1981 —
REHEARING DENIED JUNE 16, 1981.

*Adele P. Grubbs, J. Milton Grubbs, Jr.,* for appellants.
*Roy Barnes,* for appellees.