RALEIGH & GASTON RAILROAD CO. *et al.* v. ALLEN.

1. Where the judge has substantially charged the law as embodied in the Civil Code on the subject of admissions, it is not error for him to omit to add in the same connection that admissions, when established to the satisfaction of the jury, constitute a high degree of evidence and should be entitled to great weight.
2. In the trial of a suit by an employee against a railroad company, when the judge has correctly instructed the jury on the subject of the burden of proof in the case, and as to what facts will raise a presumption of liability against the company, it is not error to omit to charge in the same connection the law on the subject of defendant's theory that the injury was a mere accident.   It is sufficient if the law bearing on such theory is elsewhere properly given by the judge in his charge.
3. Even if it is, in any case, proper for the judge to submit to the jury, trying an action by an employee against a master for personal injuries, the question whether a given rule prescribed by the former for governing the conduct of the latter in the performance of his work is reasonable or unreasonable, the judge should certainly not do so when the evidence fails to show the existence and terms of the alleged rule with sufficient certainty and clearness to enable the jury to intelligently pass upon the same.   When, however, the defense in such a case rested upon the proposition that the plaintiff had violated a rule of the master and in conse-

quence had received the injuries complained of, it was incumbent on the defendant to show the existence and contents of the alleged rule, and failing to do so, the latter could not have been injured by an instruction of the nature above indicated, and giving the same is not, therefore, cause for a new trial.

4. The verdict was not contrary to the evidence.

Argued December 14, 1898. — Decided March 4, 1899.

Action for damages.    Before Judge Reid.    City court of Atlanta.    April 16, 1898.

*Erwin & Brown* and *Vasser Woolley*, for plaintiffs in error. *Arnold & Arnold*, contra.

LEWIS, J.    A. G. Allen brought suit for damages against the Raleigh & Gaston and Seaboard & Roanoke Railroad Companies, alleging substantially as follows:   In February, 1896, plaintiff was a car-coupler, engaged in the service of the defendants.    While engaged in the act of coupling two of defendants' cars, he had set the pin against the deadwood, but the pin would not drop in when the cars went together, and he thereupon gave the engineer the stop signal, which meant that he should remain still until he got further notice.    Plaintiff went in to put the pin down and adjust it, and at that time the cars were standing perfectly still, and it was impossible to adjust the pin without putting it down with the hand. As plaintiff took hold of the head of the pin, the cars, which had been standing still, were suddenly and negligently, and without any signal from the plaintiff, moved back against him by the engineer in charge of the train, and plaintiff's hand was mashed, the injuries to which he particularly sets forth in his declaration.    The petition was amended by the further allegation that the engine was negligently moved off from the cars to which it was to be coupled, without any signal, and this pulled the pin back against the body of the car, mashing plaintiff's hand.    The defendants in their plea denied liability, and alleged that the plaintiff was injured by his own negligence in not using a stick, and that the injury was the result of this negligence, and the natural slack due to the proper operation of the train.    The jury returned a verdict for the plaintiff for the sum of $550; whereupon the defendants

moved for a new trial, and they assign error upon the judgment of the court overruling their motion.

1. One ground of the motion for a new trial is, that the court erred in charging the jury as follows:  " Now the defendants contend that the plaintiff in this action admitted that the alleged occurrence happened in a certain way, and not as charged in plaintiff's declaration.   Well, admissions, gentlemen of the jury, the law says, should be scanned with care by the jury.   What weight they shall have, if any admissions are shown, and whether they are or are not is a question for the jury, but where they are shown it is the duty of the jury to scan them with care and give them just such weight as they think they are entitled to, like all other evidence in the case."   The error assigned on this charge is, that the court only charged one side of a correct legal proposition, and when he cautioned the jury they should scan such admissions with care, he should also have charged that when said admissions were established to their satisfaction, they constituted a high degree of evidence and should be entitled to great weight before the jury.   The ruling of the court that all admissions should be scanned with care is authorized by section 5197 of the Civil Code.   But there is nothing in the provisions of this section of the code, nor in any other statute of the State, which declares that when an admission is established to the satisfaction of the jury it constitutes a high degree of evidence and the jury should give it great weight.   It may be sound philosophy, founded upon human experience and a knowledge of human character, that an admission, made voluntarily by a party against his own interest, constitutes very strong evidence of the fact admitted.   It is often the case that learned writers of law-books, and even courts, in the discussion of principles involving the weight of testimony and the credibility of witnesses, advance ideas, sound in themselves, which are not intended to be declared as positive law, but as a safe rule to guide mankind generally in reaching conclusions upon stated facts; but it does not follow from this that, however sound the philosophy of such rules may be, a court should adopt them as positive law, apply them to a particular case, and give them as

rules by which the jury should be governed in their deliberations. In several of the States the judge is permitted to give to the jury the opinion he entertains of the evidence and his reasons therefor. In this State, however, any intimation of an opinion by the court to the jury as to what fact has or has not been shown in a case is reversible error. The weight of testimony and the credibility of a witness are peculiarly and exclusively, under the law of Georgia, questions for the jury; and unless the statute expressly specifies how certain testimony should be received, what weight should be given it, whether it should be scrutinized with caution or care, it is, to say the least, a safer plan always for the judge to express no opinion upon the subject but to leave the matter entirely with the jury. In some instances, no doubt, the admissions of a party against his interest are entitled to great weight; but what weight should be given them would depend largely upon the circumstances under which they were made. As to the effect of such circumstances upon the weight of the testimony, the jury alone should judge.

2. Another ground of the motion for a new trial is, that the court erred in the following charge to the jury : "Now if it is affirmatively shown to the jury by the plaintiff (an employee) that he was without fault, then the law would raise the presumption that the defendants were at fault, that the defendants were negligent; but this presumption would not arise until the plaintiff shows affirmatively that he was without fault himself. If he does so, the presumption would arise against the defendant companies, and the burden would be on the defendants to show, either that they were not negligent as charged, or that the plaintiff was at fault, or that the plaintiff could by the exercise of ordinary care on his part have avoided the consequences to himself of the defendants' negligence, if that is shown." There is no contention that, as an abstract proposition of law, the above quotation from the judge's charge is not correct; but it is insisted that the error consists in the fact that it did not present to the jury the alternative of the injury being occasioned by a mere accident or casualty; that a part of the defense being that the injury was occasioned by the slack

or settling down of the train after the engine had stopped, the defendants were entitled to a charge, in this connection, which would relieve them from liability if the injury was the result of the accident. The complaint is not that the court altogether failed to charge upon the theory of an accident, but that it was not given in the particular connection where he was instructing the jury upon the subject of the burden of proof. We can see no merit in this ground. The court can not well charge the law upon every theory of the case authorized by the testimony and the pleadings in the same breath or in the same connection.

3. Error is further assigned in the motion, on account of the following charge of the court: "Now the defendants contend specifically, gentlemen of the jury, that Mr. Allen, the plaintiff, was at fault in that he was in the violation of certain rules which required the use of a stick in making couplings, which they alleged existed. Well, gentlemen of the jury, your first inquiry as to that would be whether the evidence showed you there was such a rule, whether it was a reasonable and proper rule. If there was such a rule [and] it was a reasonable rule, it was the plaintiff's duty to obey it, provided it was promulgated and communicated to him; and if it had been communicated to him and was of force, and you believe it was a reasonable rule and he got hurt in consequence of the violation of that rule, he would not have the right to recover." The error in this charge is alleged to have consisted in submitting to the jury the reasonableness or unreasonableness of the rule in question. It was contended by counsel for plaintiffs in error that this was a question of law for the court to decide, and not one to be submitted to the jury. In the light of the record before us, we deem it neither necessary nor important to discuss or to solve this question in order to decide this case. It is inferable from the testimony in the record that the defendant companies had certain written or printed rules, among which was one relating to the particular subject of coupling with a stick. It does not appear from the testimony that such rules were ever furnished to the plaintiff, nor was any rule touching the matter introduced in evidence. The conductor testified that when the plaintiff was first employed, he directed him to

use a stick when coupling. The conductor admitted that he himself often coupled with his hand and had often seen plaintiff coupling with his hand; and it does not appear that the plaintiff was ever corrected for any violation of the rule. The engineer testified that an order of the Seaboard was posted at a certain depot about coupling with a stick, and that he heard the plaintiff refer to this order and state that he would quit the road before he would use a stick for coupling. This order was not introduced in evidence nor were its contents given orally, and it did not appear by whose authority it was posted. The plaintiff testified that he knew nothing of any stick rule, and had never received from any source instructions to use a stick. It further appeared from the evidence that when the plaintiff was endeavoring to couple the cars, as the one came against the other for this purpose, by some accident the pin failed to fall exactly in place; that after the cars had come to a standstill he simply went between them for the purpose of adjusting the pin so that it would drop through into a proper place, and that while he was so engaged the engineer, without warning or notice, moved the car, and that this resulted in the injuries complained of. Plaintiff further testified that it was impossible to adjust the pin with a stick, and that he had to use his hand for this purpose. There is an absolute want of any testimony whatever showing the extent or application of the rule in question, nor was there any evidence explaining how or when the car-coupler was, under this rule, required to use a stick. The court and jury were both, therefore, left absolutely in the dark as to whether the rule applied only in a case of *actual coupling*, properly speaking, that is, simply for the purpose of elevating the link with the view of inserting the same by the stick into the approaching bumper; or whether, as was the case with the rule in *Richmond & Danville R. Co.* v. *Mitchell*, 92 *Ga.* 77, the rule also prohibited the brakeman from going between the cars under any circumstances, for the purpose either of coupling or of adjusting pins, while an engine was attached to the train. In the first instance mentioned, the rule would have had no application whatever to the present case; in the latter it might have applied. It is

manifest, therefore, that neither the court nor the jury had sufficient data before them to determine whether or not the rule invoked had any application to the case; or, if it did apply, whether under the circumstances its requirements were reasonable or unreasonable. We think, therefore, that the court erred in giving the jury any instructions whatever touching the matter. When an employer defends against an action of tort, brought by his employee for a personal injury, upon the ground that the injury resulted in consequence of a violation of a rule prescribed by the former to govern the conduct of the latter, it is incumbent upon the defendant to clearly establish by evidence the existence, terms, and conditions of the rule. When it signally fails in this particular, this defense necessarily falls. The error, however, in this case, was prejudicial to the plaintiff rather than the defendants, for it gave the latter the benefit of a theory of defense before the jury to which the defendants were not entitled under the facts. The erroneous charge, therefore, working no harm to the complaining parties, a new trial will not be granted upon this ground.

4. The above deals with all the grounds in the motion for a new trial, except the general ground that the verdict was contrary to the evidence. After a careful review of the testimony, we think the evidence in behalf of the plaintiff below was sufficient to sustain his cause of action, and the verdict of the jury rendered thereon. If he told the truth, and his statement was corroborated by other testimony, the injury he received was without fault on his part, and was the result of the negligence of the engineer in charge of the movement of the train at the time of the occurrence.

*Judgment affirmed. All the Justices concurring, except Cobb, J., who was disqualified.*