## 34217. FOUNTAIN v. CABE.

Jordan, Justice.

Thomas Fountain, Jr., sought to probate the will of Mrs. Flora B. Brown which named him as executor. Hazel Cabe, daughter of the testatrix and a legatee, filed a caveat to the will and objections to the appointment of Fountain as executor. The caveat was dismissed by the probate court and upon appeal to the superior court a jury found that Fountain should not serve as executor. He appeals from the denial of his amended motion for a new trial, asserting eight enumerations of error.

1. The appellant enumerates as error the failure of the trial court to grant his motion for summary judgment, failure to grant his motion for directed verdict, and in denying his motion for new trial on the general grounds. These alleged errors are seemingly based on appellant's contention that the only issue in the probate court and on appeal to the superior court was devisavit vel non. The caveatrix in superior court had abandoned all issues involving the probate of the will and agreed that the only question remaining was that the paragraph of the will appointing Fountain as executor was void and that Fountain was not qualified to serve as executor.

We do not agree with appellant's contention. The qualification and fitness of an executor to serve is a proper subject of inquiry in a caveat in the probate court and thus on appeal to the superior court. *Thomasson v. Barber,* 60 Ga. App. 327, 330 (3 SE2d 858) (1939). We adopt the language of Judge Guerry in his concurring opinion in *Thomasson,* supra, in which he said: "In a proceeding brought before the issuance of such letters, setting up objections to such appointment, we see no reason why the same objections that might be urged in a proceeding for

removal might not be urged in objections to the original appointment. . . The fact that the will was established as the last will and testament of the testatrix, as against the caveat of some of those named in the will, will not prevent the ordinary, upon a proper showing, from failing and refusing to appoint such persons as executors under the will, although named therein as such."

Having reached this conclusion, we hold that the evidence of the appellant's acts and doings while attorney in fact for the testatrix prior to her demise and acts subsequent to her death were relevant to his qualification to serve as executor of the will. Therefore the trial court did not err in overruling the numerous objections to this evidence as being irrelevant.

2. Upon review, the appellate court must look to the evidence most favorable to upholding the verdict of the jury. In this light the evidence shows:

(1) That the testatrix was 83 years of age and in poor health and on November 2, 1974, she gave the appellant a power of attorney to "look after my interest and me;"

(2) that on or about the time she gave this power of attorney she owned some 300 acres of land in Rabun County of a value of $1,000 to $3,000 per acre (approximate value of $450,000) and some $100,000 in cash deposits in various banks;

(3) that beginning in 1974, until January 1976, Mrs. Brown deeded all of her land except her house and 28 acres to the appellant under circumstances showing a lack of consideration therefor;

(4) that appellant's financial statement given to a local bank in 1974 showed a net worth of $137,000 and after acquiring the land from Mrs. Brown showed a net worth of $650,000 including a valuation of $450,000 on the land acquired from Mrs. Brown;

(5) that as attorney in fact for Mrs. Brown he withdrew the major portion of her monies in various banks and that he purchased at least $40,000 in certificates in his own name from the proceeds of the withdrawals.

All of the above evidence and much more is documented by deed records and bank records. While there is evidence that the testatrix lived a portion of this

time in the appellant's home and that he performed certain services for her, the voluminous evidence amply authorized the jury to conclude that the appellant had been untrue to the trust placed in him, thus making his interest as executor of the will adverse to the interest of the estate. See *Davis v. Davis,* 33 Ga. App. 628 (127 SE 779) (1925). Where the personal interests of the representative of an estate conflict with the interest of the estate, such fact, in the discretion of the probate judge, or in the discretion of the jury on appeal may be sufficient ground for removal of such representative. *Stanley v. Spell,* 46 Ga. App. 91 (2) (166 SE 669) (1932); *Holsenbeck v. Arnold,* 75 Ga. App. 311, 315 (43 SE2d 348) (1947).

The jury here could have believed that conduct of the appellant adverse to the testatrix' interest might not have been known by her at the time she named him as the executor of her will.

The trial court did not err in overruling appellant's motion for summary judgment, motion for directed verdict and the motion for new trial on the general grounds.

3. Appellant alleges error in "allowing appellee to present testimony and exhibits from witnesses which was hearsay in violation of. . . Ga. Code § 38-301. . ." This testimony involved conversations with and actions of Mrs. Brown prior to her death relating to her dissatisfaction with Fountain's activities as her attorney in fact. The testimony was restricted to showing her course of conduct in her dealings with the appellant. We find no error. The declarations of a decedent to others are admissible if there are no other witnesses to the alleged occurrence, it being for the jury, under appropriate instructions, to determine their weight and credibility. *Moore v. Atlanta Transit System,* 105 Ga. App. 70 (123 SE2d 693) (1961). Likewise, we find no error in admitting documents executed by Mrs. Brown to the appellant.

The dead man's statute (Code § 38-1603 (1)) is not applicable here since this is not such a suit against "the personal representative of a deceased person" as contemplated by the statute. The issue here is whether the person so named is properly qualified to serve as a personal representative. The propounder of a will is not

"the personal representative" of the deceased. *Lightsey v. Strickland,* 240 Ga. 523 (242 SE2d 23) (1977).

4. Looking at the charge in its entirety, we find no error. The record and transcript in this case consists of nearly 1,000 typewritten pages. The sole issue to be determined by the jury was whether the appellant should be allowed to serve as executor of an estate which had been substantially depleted by deeds and payments to himself while he was serving as attorney in fact for the testatrix. All documents and testimony relating to this one issue were properly submitted to the jury. The jury was authorized to conclude that the appellant should not be allowed to serve as executor.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 14, 1978 — DECIDED JANUARY 4, 1979.

*Maylon K. London,* for appellant.
*Emory Robinson,* for appellee.