## 35502. JAAKKOLA et al. v. DOREN.

JORDAN, Justice.

Mrs. Laila Doren, appellee, as executrix of the estate of Oscar and Saima Belto, filed a complaint in the Wayne Superior Court which prayed for reformation of a deed whereby Saima Belto had conveyed certain real estate (Lot No. 21) to Mr. and Mrs. Jaakkola, the appellants. The complaint alleged that the true intent of the parties had been to convey a different piece of real estate (Lot No. 19) and that the deed recited Lot No. 21 solely as the consequence of a mutual mistake. Following a jury verdict and judgment in favor of the appellee and the trial court's denial of the appellants' motions for judgment notwithstanding the verdict and new trial, the appellants

appealed to this court and enumerated two errors as follows:

1. The appellants enumerate as the trial court's first error its admission into evidence of testimony by a witness as to conversations with Mr. and Mrs. Belto, *the decedents,* regarding the 1972 sale of land. Acknowledging that the witness' testimony was indeed hearsay (see Code Ann. § 38-301), the issue before this court becomes whether the facts of the present case implicate an exception to the general rule that hearsay evidence is inadmissible.

We have recently held that "[t]he declarations of a *decedent* to others are admissible if there are no other witnesses to the alleged occurrence, it being for the jury, under appropriate instructions, to determine their weight and credibility. *Moore v. Atlanta Transit System,* 105 Ga. App. 70 (123 SE2d 693) (1961)." *Fountain v. Cabe,* 242 Ga. 787, 789 (251 SE2d 529) (1979). This holding being the most recent pronouncement by this court on the present point of law, the appellants' reliance on *Chrysler Motors Corp. v. Davis,* 226 Ga. 221 (173 SE2d 691) (1970) is misplaced. There was no reason in the present case to question the trustworthiness of the decedent's declarations.

The appellants' first enumeration of error is without merit.

2. The appellants complain that the jury's verdict was not supported by the evidence.

" '[B]efore equity will reform a written instrument, it must appear that there was a valid agreement sufficiently expressing the real intent of the parties, and that the written instrument failed to express such intent, and that this failure was due to mutual mistake.' " *Lawton v. Byck,* 217 Ga. 676, 682 (124 SE2d 369) (1962).

Given our holding in Division 1 of this opinion, sufficient evidence was presented to the jury to support a rational finding that the present written instrument (Deed) failed to express a valid agreement for the sale of Lot No. 19 due solely to the mutual mistake of the parties. Supporting facts found in record: Oscar Belto owned a vacant lot (No. 19) valued at no more than $500. This lot adjoined a second lot (No. 21) owned by his wife Saima Belto and valued at $6,000 (this second lot was the site of

the Belto's home). During 1972 Saima Belto deeded the second lot (No. 21) to the appellants for $400. However, following said conveyance and until their deaths in 1973, the Beltos continued to reside on Lot 21 and continued to entertain offers for its purchase. By contrast, during this same time period, the appellants made annual payments to have the grass mowed on Lot No. 19, and only Lot No. 19. Further, Mr. Jaakkola stated to a Mrs. Mary Hill, a friend of the Beltos, that he owned Lot No. 19, but made no mention of owning Lot No. 21. Finally, in a separate conversation with the same Mrs. Hill, Mr. Belto stated he had sold the Jaakkolas Lot No. 19.

The appellants' second enumeration of error is without merit.

*Judgment affirmed. All the Justices concur, except Hill and Bowles, JJ., who concur in the judgment only.*

SUBMITTED OCTOBER 10, 1979 — DECIDED OCTOBER 23, 1979.

*J. Kenneth Royal,* for appellants.
*J. Alvin Leaphart,* for appellee.