## 36826. IRBY et al. v. BROOKS et al.

BOWLES, Justice.

In 1932 M. C. Parrish deeded thirty acres of a fifty-four acre tract he owned to one of his five children, Clarence. Clarence and his family lived with M. C. Parrish and cared for him until the latter's death in 1935. M. C. Parrish died intestate. Clarence continued to live in the family residence and farm and pay taxes on the entire fifty-four acre tract until his own death in 1970. In 1950 Clarence conveyed the entire fifty-four acre tract to his wife claiming ownership of the remaining twenty acres by virtue of a family settlement in which his four brothers and sisters agreed to relinquish any interest they had in the twenty-acre tract in return for twenty-five dollars to be paid to each of them by Clarence. No deed or other record of this transaction exists save an affidavit made in 1975 by Clarence's brother, Marvin, attesting to the fact that a family settlement concerning this property was made and asserting that all four brothers and sisters had been paid $25 apiece. This affidavit was recorded in Jefferson County in 1977.

The wife of Clarence Parrish died in 1964 and in 1969 a No

Administration Necessary Order was entered on her estate. In 1977 the fifty-four acre tract was sold at public auction to appellees.

Thereafter one of the sisters of Clarence Parrish, Clara Parrish Irby, together with her children filed suit against appellees, claiming an interest in the twenty-acre tract. Prior to trial Mrs. Irby died intestate.

The jury returned a verdict for appellees 'and this appeal followed.

I. Appellants first contend that the trial court erred in excluding as hearsay statements made by Mrs. Irby to her children that the twenty-five dollars had never been paid to her or to her siblings, as these statements would tend to prove that a family settlement had never been made.

Code Ann. § 38-301 states: "Hearsay evidence is that which does not derive its value solely from the credit of the witness, but rests mainly on the veracity and competency of other persons. The very nature of the evidence shows its weakness, and it is admitted only in specified cases of necessity."

Appellants rely on *Moore v. Atlanta Transit System,* 105 Ga. App. 70, 82 (123 SE2d 693) (1961) for the proposition that the declarations of a decedent may always be admitted in evidence "if there are no other witnesses to the alleged occurrence." The Court of Appeals reasoned in *Moore* that the requirement of necessity is met "where the declarations of a decedent are the only method of proof available." It is then "for the jury, under appropriate instructions, to determine [the] weight and credibility" of the decedent's statements. *Moore,* at 83. Thus, appellants argue, since all potential witnesses to the alleged family settlement were, at the time of trial, deceased, the statements of Mrs. Irby should have been admitted "out of necessity."

However, appellants have overlooked the holding of this court in *Chrysler Motors Corp. v. Davis,* 226 Ga. 221 (173 SE2d 691) (1970). There this court strengthened the rule made by the Court of Appeals in *Moore* by requiring not only that the decedent's declarations be admitted out of necessity, but they be trustworthy as well.

"The two underlying reasons for any exception to the hearsay rule are a necessity for the exception and a circumstantial guaranty of the trustworthiness of the offered evidence — that is, there must be something present which the law considers a substitute for the oath of the declarant and his cross examination by the party against whom the hearsay is offered. However, the mere fact that a witness is dead does not render the declarations admissible, although, if in addition to the death of a witness there are circumstances which attribute verity to his declarations, the hearsay rule may be relaxed to permit

the admission of such declaration." *Chrysler Motors* at 224.[1]

In two recent cases this court has permitted the admission of a decedent's declarations where both the elements of necessity and trustworthiness of the statements were present.

In *Fountain v. Cabe,* 242 Ga. 787 (251 SE2d 529) (1979) the daughter of the decedent sought to introduce statements made by decedent which indicated her dissatisfaction with and fear of the attorney who was named executor of her will. We concluded that it was appropriate to admit these statements as they showed decedent's course of conduct in her dealings with the attorney. There were, apparently, no witnesses to these transactions. The statements were not self-serving and were made by decedent to numerous persons over an extended period of time. Thus there was no doubt as to either the necessity or the trustworthiness of decedent's statements.

In *Jaakkola v. Doren,* 244 Ga. 530 (261 SE2d 701) (1979) the executrix of decedents' estate sought to introduce statements made by decedents that they had sold a vacant lot [lot 19] rather than a lot with a house on it [lot 21] to defendants. The executrix prayed for reformation of the deed due to a mutual mistake. The witness testifying to the statements was a neighbor and friend of decedents who had no interest in the outcome of the trial. There we concluded that "there was no reason . . . to question the trustworthiness of decedent's declarations." *Jaakkola* at 531.

In the present case, however, decedent stated to her children that no family settlement had been reached both prior to and after commencement of the lawsuit. Her statements were entirely self-serving and were offered by witnesses who stood to gain the most from their admission. We cannot say that these statements meet the test of trustworthiness. Therefore, the trial court did not err in excluding them.

---

[1]We note that under the Federal Rules of Evidence there is no specific exception to the hearsay rule for the admission of a decedent's declarations. However, Federal Rules 803(24) and 804(b)(5) provide: "Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant." Thus, decedent's declarations may be admitted if proof of "guarantees of trustworthiness" is made.

II. Next appellants argue that the trial court erred in failing to charge the jury that appellees bore the burden of proving a family settlement and that proof of a settlement "must be established so clearly and satisfactorily as to leave no reasonable doubt on the minds of the jury."

Appellant admits that he failed to request that the court make this charge. At the conclusion of the charges the court asked appellant whether he had any objection. Appellant expressed some concern over one portion of the charge on family settlements, but he made no mention of the court's charge on burdens of proof. We conclude that under Code Ann. § 70-207 (a) appellant has waived his right to complain about the charge.

Furthermore, we have carefully examined the charges on burdens of proof in this case. The trial court charged that the affidavit of Marvin Parrish was entitled to a rebuttable presumption of truth and that the burden was on the appellants to rebut the statements therein. We find this to be without error. Code Ann. § 38-639; see *King v. King,* 238 Ga. 268 (232 SE2d 549) (1977).

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 7, 1980 — DECIDED
DECEMBER 16, 1980.

*Harris, McCracken & Jackson, William R. McCracken,* for appellants.

*Abbot & Murphy, John R. Murphy, III, James C. Abbot,* for appellees.

