65176. BRANDON v. THE STATE.

BIRDSONG, Judge.

Johnny Brandon was convicted of distributing marijuana and sentenced to serve four years. He brings this appeal enumerating two alleged errors. *Held:*

1. In his first enumeration Brandon asserts the trial court allowed the state to introduce evidence that was irrelevant and prejudicial. In context, this enumeration discloses to us no error.

The state offered evidence that an undercover agent, from a distance through binoculars, observed the appellant Brandon hand a brown paper sack to a young male. This young man stuffed the bag into his trousers under his belt and behind the fly of his trousers. Almost immediately thereafter the confidential informant was approached by the young man, still observed by the drug enforcement officer through binoculars. The informant gave the young man a sum of money and received in return a small envelope which was taken from the area of the man's waist, apparently from the same bag stuffed into his trousers. The officer stopped the informer and recovered an envelope containing a quantity of marijuana. The young man was apprehended and a brown paper bag was removed from his trousers behind the fly of his trousers. In this bag were three more small envelopes containing marijuana. Brandon was arrested for distributing the marijuana.

On cross-examination, appellant's counsel sought to show that there was no proof that Brandon had given a bag containing marijuana to the young man or was aware that sales of marijuana were being conducted. In rebuttal the state called the young accomplice and had him testify that he was a "front" man for the appellant Brandon. A "front" man was identified as one who in effect took contraband on consignment and then accepted payment from the seller after sales had occurred. It is this evidence of definition of a front man that forms the basis of appellant's objection that there was no evidence of sale by Brandon.

Any evidence is relevant which logically tends to prove or disprove any material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material

issue or issues is relevant. *Garner v. State,* 83 Ga. App. 178, 185 (63 SE2d 225). Even where the evidence is of questionable relevancy or competency, it is the rule in this state that it should be admitted, leaving its weight for the determination of the jury. *Guy v. State,* 138 Ga. App. 11, 13 (225 SE2d 492). See *Thornton v. State,* 161 Ga. App. 296, 301 (287 SE2d 749). Evidence of a front man was highly relevant in the factual context of this case.

2. In his second enumeration of error, Brandon complains there was no adequate chain of custody to support the introduction of the marijuana confiscated from the buyer and seller. The evidence showed that the marijuana in question was contained in a bag passed from Brandon to his "front" man. The apprehending officer confiscated an envelope of marijuana from the informant-purchaser and three other envelopes of marijuana from a bag which the officer observed handed to the seller by Brandon and stuffed into the waist of the seller. The purchaser obtained his single envelope from the area of the seller's waist when he reached into his trousers beneath his waist and removed the envelope. All items were sealed the same day by the apprehending officer in an evidence envelope and mailed through the U. S. Postal Service to the crime lab for chemical analysis. The chemist testified that he received an envelope containing the bags and envelopes through the mail, conducted the requisite chemical tests and retained possession of the evidence until the day of the trial. Both the arresting officer and the chemist testified there was no indication that the envelopes had been changed and both identified the envelopes as being the ones mailed and received. Under such a state of facts, we are fully satisfied that the chain of custody has been shown adequately. There was no error in the admission of the contraband for the jury's consideration. *Allums v. State,* 161 Ga. App. 842, 846 (4) (288 SE2d 783); *Thompson v. State,* 154 Ga. App. 704, 705 (1) (269 SE2d 474).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JANUARY 11, 1983.

*Gary M. Wisenbaker,* for appellant.

*H. Lamar Cole, District Attorney, Fred R. Simpson, Assistant District Attorney,* for appellee.