## 65915. BELOTE v. BELOTE.

SHULMAN, Chief Judge.

Appellant Sandra Belote is the widow of McGlawn H. Belote, who was a civilian employee of Robins Air Force Base prior to his death in 1981. Appellee Elizabeth McCarty Belote was married to Mr. Belote in 1978, was named the beneficiary of McGlawn's group life insurance policy, and was divorced by McClawn in August 1979.

Following McGlawn's death, Sandra Belote sought to recover the life insurance benefits from the insurer, who denied the claim on the ground that Elizabeth Belote was the named beneficiary. Sandra then filed suit against Elizabeth and the insurer, who filed an interpleader and tendered the policy proceeds into the court. The insurer was dismissed, and the case against Elizabeth proceeded to trial where a jury found for Elizabeth. In this appeal, Sandra takes issue with the content of the jury charge, several of the trial court's evidentiary rulings, and the denial of her motion for directed verdict.

1. When an insured is authorized by the insurance policy to change the beneficiary during his life, and the insured dies without having exercised the authority, the named beneficiary has a vested interest in the proceeds of the policy. *Loyd v. Loyd,* 203 Ga. 775, 779 (48 SE2d 365). " 'If, however, the insured has done substantially all that is required of him, or all that he is able to do, to effect a change of beneficiary, and all that remains to be done is ministerial action of the [insurer], the change will take effect though the details are not completed before the death of the insured. [Cits.] Some affirmative act, however, on the part of the member to change the beneficiary is required; his mere intention will not suffice to work a change of beneficiary.' " Id. at 781. Thus, it was not error to refuse to give a jury instruction which required that body to initially determine the decedent's intent as to whom the proceeds should go.

2. In her next three enumerated errors, appellant asserts that instructions emphasizing the importance of the decedent's intent and his attempt to comply with the policy's change of beneficiary requirements should have been given. Inasmuch as the charge given by the trial court on these issues adequately and correctly stated the law, the failure to give the instructions in the exact language requested by appellant is not reversible error. *Moody v. Moody,* 241 Ga. 286 (2) (244 SE2d 875); *Claxton Poultry Co. v. City of Claxton,* 155 Ga. App. 308 (6) (271 SE2d 227).

3. Contrary to appellant's assertion, the trial court's charge on changing the beneficiary of an insurance policy sufficiently informed the jury of the applicable law. *Loyd v. Loyd,* supra; *Hagins v. Fuller,* 138 Ga. App. 23 (225 SE2d 485).

4. The trial court also informed the jury that a named beneficiary described as "wife" does not forfeit her right to insurance proceeds simply because she is not the insured's wife at the time of his death. See *Liles v. Russell,* 230 Ga. 686 (1) (198 SE2d 873). Appellant maintains that the charge should not have been given since Elizabeth McCarty Belote's marital status was not an issue in the case. However, the charge was a correct statement of the law and, as the trial court pointed out, there was a potential for juror confusion since

the policy described the ex-wife as wife and the insured's widow, his wife at the time of his death, was also a party to the lawsuit.

5. The trial court ruled that appellant could not testify to statements made by the decedent to her or in her presence. "As the value of the proffered testimony depends on the credibility of one other than the witness on the stand the proffered testimony is hearsay . . ." *Timberlake v. State,* 158 Ga. App. 125 (3) (279 SE2d 283). Before a decedent's declarations may be admitted, they must be shown to be necessary and trustworthy — "that is, there must be *something present which the law considers a substitute for the oath of the declarant and his cross examination by the party against whom the hearsay is offered . . .* However, *the mere fact that a witness is dead does not render his declarations admissible, although,* if in addition to the death of a witness there are circumstances which attribute verity to his declarations, the hearsay rule may be relaxed to permit the admission of such declaration. [Cits.]" *Chrysler Motors Corp. v. Davis,* 226 Ga. 221, 224 (173 SE2d 691). The necessary "guarantee of trustworthiness" is missing in the present case. The decedent's statements were "self-serving and were offered by [a witness] who stood to gain the most from their admission. We cannot say that these statements meet the test of trustworthiness. Therefore, the trial court did not err in excluding them." *Irby v. Brooks,* 246 Ga. 794, 796 (273 SE2d 183).

6. An employee relations specialist from the civilian personnel office at Robins Air Force Base testified as to the procedure that office followed when an insured wished to change his policy's beneficiary. The testimony was material since appellant had testified that the insured had gone to the witness' office to change his beneficiary. The trial court did not err in allowing the witness to testify.

7. Since appellant has expressly withdrawn her enumerated error concerning the denial of her motion for directed verdict, we shall not consider it.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JUNE 16, 1983.

*Oscar L. Crumbley, Jr.,* for appellant.
*Edwin S. Varner, Jr.,* for appellee.