69026. BLOUNT et al. v. SPELL.
(323 SE2d 211)

BANKE, Presiding Judge.

The appellants appealed to superior court from a probate court order granting letters of administration to the appellee, Dwight Spell; and the superior court granted summary judgment in favor of Spell. This appeal followed.

The appellants, as heirs of the estate in question, submitted affidavits to the effect that Spell was managing the property for his own benefit and in a manner adverse to the interests of the estate and the rightful heirs. They further contend that Spell is not qualified to be the administrator because he was not chosen pursuant to OCGA § 53-6-24 (3) by a majority of those interested as distributees of the estate. Spell does not claim to be qualified under any other rule or statutory provision. *Held:*

The appeal from the order of the probate court constituted a de novo proceeding. See *Knowles v. Knowles*, 125 Ga. App. 642 (188 SE2d 800) (1972). As in any other civil action, the burden in such a proceeding is on the movant on motion for summary judgment to establish that there are no factual issues for jury resolution. See *Woodall v. First Nat. Bank*, 118 Ga. App. 440 (164 SE2d 361) (1968);

*Goodwin v. Mullins*, 122 Ga. App. 84 (176 SE2d 551) (1970). In this case, the affidavits create a factual dispute as to whether the appellee is qualified to act as administrator of the estate. Cf. *Fountain v. Cabe*, 242 Ga. 787 (251 SE2d 529) (1979). It follows that the grant of summary judgment must be reversed.

The other enumerations of error have been considered and have either been determined to be without merit or are rendered moot by the foregoing.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 20, 1984 —
REHEARING DENIED OCTOBER 17, 1984 ▮▮▮▮▮▮

*Dewey N. Hayes, Jr.*, for appellants.
*T. V. Williams, Jr., Douglas W. Mitchell III*, for appellee.