## 70928. HENRY v. THE STATE.
### (336 SE2d 588)

SOGNIER, Judge.

Henry appeals his conviction of child molestation.

1. Appellant contends the trial court erred by denying his motion for a directed verdict of acquittal because the evidence was not sufficient to support the verdict. The testimony of the victim, together with medical evidence of molestation and other corroborating evidence, was sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Hence, it was not error to deny appellant's motion for a directed verdict of acquittal. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

2. Appellant contends the trial court erred by finding the victim competent as a witness because she did not understand the meaning of an oath.

At a hearing on the competency of the victim she testified that she believed in God, that she knew the difference between telling the truth and lying, and that she would be punished if she did not tell the truth. The witness testified that she knew what an oath was, and it meant that she had to tell the truth in court and if she did not tell the truth, she would go to jail.

It is not necessary that a child be able to define the meaning of an oath, but that she know and appreciate the fact that as a witness she assumes a solid and binding obligation to tell the truth at trial. *Smallwood v. State*, 165 Ga. App. 473-474 (301 SE2d 670) (1983); *Smith v. State*, 247 Ga. 511 (277 SE2d 53) (1981). It is clear from the victim's answers at the competency hearing that she understood her obligation to tell the truth in court. When a trial court determines a child is competent to testify, the trial court's discretion will not be interfered with by an appellate court absent a manifest abuse of discretion. *Bradley v. State*, 148 Ga. App. 722, 724 (3) (252 SE2d 648) (1979); *Smallwood*, supra. We find no abuse of the trial court's discretion in this case.

3. Appellant contends it was error to allow the victim's mother to testify as to what her daughter told her, because it was not part of the *res gestae*. In the instant case when the victim's mother returned from shopping, appellant (the victim's grandfather), who had been babysitting, departed. The victim immediately told her mother that her granddaddy tried to do "some sex things" to her (the victim).

A trial judge's determination that evidence offered as part of the *res gestae* is sufficiently informative and reliable as to warrant consideration by the jury will not be disturbed on appeal unless that determination is clearly erroneous. *Hutter v. State*, 166 Ga. App. 608 (2) (305 SE2d 124) (1983). We find the admission of the mother's testimony as part of the *res gestae* was not clearly erroneous under the facts of this case, where the victim complained to her mother immediately upon appellant's departure.

4. Appellant contends error in allowing a twelve-year-old girl to testify that she lived next door to appellant and in 1982, while the girl was swinging in her backyard, appellant was in a small shed in his backyard. His pants were down and appellant was holding his penis in his hand, beckoning the witness to come into the shed. The girl ran in the house and reported the incident to her father. Appellant's contention that such testimony was not admissible to show his lustful disposition has been decided adversely to appellant. *Felts v. State*, 154 Ga. App. 571, 572 (2) (269 SE2d 73) (1980); *Mackler v. State*, 164 Ga. App. 874, 875 (2) (298 SE2d 589) (1982).

Appellant also contends it was error to allow the same witness' father to testify that his daughter "came in and got me out of the house, saying that Mr. Henry had exposed —." Appellant argues that such testimony was inadmissible hearsay.

OCGA § 24-3-3 provides: "Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae." The admissibility of statements claimed to be within the res gestae exception to the hearsay rule is left to the sound discretion of the court. *Leonard v. State*, 146 Ga. App. 439, 441 (2) (246 SE2d 450) (1978). In the instant case the witness' daughter ran into her house and reported appellant's actions to her father immediately upon observing appellant. The daughter's statement clearly falls within the res gestae exception to the hearsay rule, as the circumstances here rule out any suspicion of device or afterthought. *Pickelseimer v. State*, 154 Ga. App. 223, 224 (1) (267 SE2d 845) (1980).

5. a. Appellant contends the trial court erred by charging the jury that they could infer that a person of sound mind and discretion intends to accomplish the natural and probable consequences of his intentional acts. Appellant made no objection or exception to this charge when asked by the court if he had any exceptions to the charge or any error to point out. Thus, he has waived his right to enumerate error as to this charge. *White v. State*, 243 Ga. 250, 251 (253 SE2d 694) (1979).

b. Appellant also argues that it was error to charge the jury on similar transactions. We held in Division 4 that evidence of a similar offense was admitted properly to show the lustful disposition of appellant. Hence, the charge limiting the jury's consideration of such testimony to that purpose only was proper. *Teal v. State*, 234 Ga. 159 (2) (214 SE2d 888) (1975); *Woods v. State*, 242 Ga. 277, 281-282 (3) (248 SE2d 612) (1978).

6. For the foregoing reasons it was not error to deny appellant's motion for a new trial.

*Judgment affirmed. Birdsong, P. J., concurs. Carley, J., concurs in Divisions 1, 2, 4, 5, 6 and in the judgment.*

DECIDED OCTOBER 17, 1985.

*G. Hughel Harrison*, for appellant.
*Thomas C. Lawler III, District Attorney, Stephen E. Franzen, Assistant District Attorney*, for appellee.