73805. GENTILE v. MILLER, STEVENSON & STEINICHEN, INC.
(356 SE2d 666)

SOGNIER, Judge.

Shirley Gentile, administratrix of the estate of her deceased husband, Thomas Gentile, brought suit against her late husband's em-

ployer to recover damages for the employer's alleged failure to offer her decedent an opportunity to participate in employee group life and health insurance. The employer, Miller, Stevenson & Steinichen, Inc. was granted summary judgment and Gentile appeals.

Appellee provided an optional insurance plan in which employees, during the first 30 days of their employment, could enroll without proof of insurability. After the initial 30-day period had expired, however, employees could enroll only upon providing satisfactory proof of insurability. The record reveals that appellant's decedent was employed by appellee at the end of August 1983 and was hospitalized during the week of November 21, 1983. On November 30, 1983, appellee sent a letter to its insurance carrier stating "[d]ue to oversight on our [appellee's] part we did not send in enrollment card for Mr. Thomas S. Gentile. Would you please add him to our current plan, effective date October 1, 1983." The decedent was then enrolled, and both he and appellee paid premiums for several months. However, when claim was made for payment of medical bills, coverage for appellant's decedent was rescinded and all premiums returned, based on the carrier's determination that the decedent's medical condition had been preexisting at the time of his enrollment. It is uncontroverted that appellant's decedent was not enrolled in the plan when he was hospitalized on November 21, 1983 and that he was uninsurable after that date.

1. Appellant contends the trial court erred by granting summary judgment to appellee because a genuine issue of material fact existed whether her decedent was ever informed by appellee of his right to participate in the insurance plan while he was eligible for coverage without proof of insurability. Appellee supported its motion for summary judgment with the affidavit of Earl Stevenson, Jr., appellee's president, who stated that he had explained the insurance program to appellant's decedent on three separate occasions, and the decedent had declined to participate.

Appellant argues that a genuine issue rebutting appellee's affidavit as to this material fact was created in three ways. First, appellant argues a fact issue was created by the November 21, 1983 letter from appellee to its insurance carrier. We do not agree. It is true there is a discrepancy between appellee's position as stated in Stevenson's affidavit and the statement in the letter that failure to enroll the decedent was an "oversight" on appellee's part. However, even assuming, arguendo, these statements are contradictory, a reasonable explanation for the apparent contradiction was presented in the affidavit of Maitland Wells, appellee's insurance agent. Wells swore he had dictated the letter to the carrier at the request of Stevenson, despite the decedent's previous refusal of participation, in a benevolent effort to help the decedent obtain coverage for his illness. "In each case,

whether on motion for summary judgment or at trial, it must be decided if the testimony of a party-witness is contradictory. On summary judgment this is a question for the judge to decide. . . . We point out that even where testimony is contradictory, if a reasonable explanation is offered for the contradiction, the testimony will not be construed against the party-witness. The burden rests upon the party giving the contradictory testimony to offer a reasonable explanation, and whether this has been done is an issue of law for the trial judge. [Cits.]" *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986). The trial court was authorized in this case to decide that a reasonable explanation had been offered, and there was thus no genuine issue as to the fact that Stevenson had explained the insurance plan to the decedent.

Contrary to appellant's second argument, no genuine issue of fact was created by appellant's affidavit stating her husband had told her he had not been informed of his right to enroll in the plan. Decedent's statements are hearsay and therefore may not be considered. "[']The two underlying reasons for any exception to the hearsay rule are a necessity for the exception *and a circumstantial guaranty of the trustworthiness of the offered evidence . . .*' [Cit.]" *Chrysler Motors v. Davis*, 226 Ga. 221, 224 (1) (173 SE2d 691) (1970). Appellant's decedent's statements that he did not know what, if any, benefits were available through his company and that he had received no information regarding such benefits "were entirely self-serving and were offered by [appellant] who stood to gain the most from their admission. We cannot say that these statements meet the test of trustworthiness." *Irby v. Brooks*, 246 Ga. 794, 796 (273 SE2d 183) (1980). See *Belote v. Belote*, 167 Ga. App. 8, 10 (5) (306 SE2d 24) (1983).

Finally, appellant argues that appellee's group insurance certificate requires that each new employee fill out either an enrollment card or a waiver card, and thus appellee's failure to produce a waiver card signed by the decedent raises a fact issue as to whether the decedent actually declined coverage. However, the record discloses no demand that appellee produce such a waiver card and, therefore, no inference may be drawn from its absence. See generally *Smith v. Davis*, 76 Ga. App. 154, 159 (2) (45 SE2d 237) (1947). In addition, as this argument is raised for the first time on appeal, it need not be considered. *In re R. K. J.*, 179 Ga. App. 112, 113 (3) (345 SE2d 658) (1986). Accordingly, in the absence of any remaining genuine issue of material fact, appellee was entitled to judgment as a matter of law and the trial court did not err by granting summary judgment to appellee. See generally *Bright v. Food Giant*, 177 Ga. App. 641, 642 (340 SE2d 272) (1986).

2. Appellant also enumerates as error the trial court's order requiring supplementation of the record on appeal at appellant's ex-

pense. Appellant argues that the record as designated by appellant was sufficient, and that supplementation was unnecessary and burdened appellant with great expense. "[OCGA § 5-6-41 (f), former] Code Ann. § 6-805 (f) makes clear that the trial court controls the determination of the final record on appeal [cit.], and may even supplement the record designated by the parties on its own motion [cit.]. It follows then that if the trial court finds that the additional portions designated by the appellee are necessary to complete the record on appeal, the costs must be paid by the appellant; only if considered unnecessary on appeal, should the costs be taxed against the appellee. The trial court's decision will not be reversed absent a manifest abuse of discretion." *Jones v. Spindel*, 239 Ga. 68, 70-71 (2) (235 SE2d 486) (1977). We have examined the entire record carefully and find no manifest abuse of the trial court's discretion.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED APRIL 7, 1987 —
REHEARING DENIED APRIL 22, 1987 — ▮▮▮▮▮▮▮▮▮

*James B. Gordon*, for appellant.
*Donald E. Loveless, John W. Winborne III*, for appellee.