## 44665. GENTILE v. MILLER, STEVENSON & STEINICHEN, INC.
### (361 SE2d 383)

HUNT, Justice.

We granted certiorari to answer the following question: "Does the rule found in *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986) have the same ultimate effect when applied to a movant for summary judgment as it has upon a respondent?" *Gentile v. Miller, Stevenson & Steinichen, Inc.*, 182 Ga. App. 690 (356 SE2d 666) (1987). We answer that question in the affirmative and reverse because of the misapplication of our holding in *Prophecy.*

In *Prophecy*, we examined the applicability of the "contradictory testimony rule," the rule that a party's self-conflicting testimony is to be construed against him, to testimony presented in response to a motion for summary judgment. We held that where a reasonable explanation of the contradiction is offered, the inconsistency will not be construed against the party-witness. "The burden rests upon the party giving the contradictory testimony to offer a reasonable explanation, and whether this has been done is an issue of law for the trial judge." *Prophecy*, at 30 (2). Where a party's explanation for a contradiction is determined to be unreasonable, the trial court must *eliminate* the favorable portions of the contradictory testimony and then take all testimony on motion for summary judgment " '*as it then stands*, and construe it in favor of the party opposing the motion in determining whether a summary judgment should be granted.' [Cit.]" Id. at 28 (1). In *Prophecy*, the respondent offered a reasonable explanation for its contradictory testimony, the favorable portion of its contradictory statements was, thus, not eliminated, and a fact issue remained precluding the grant of summary judgment.

In this case, the Court of Appeals correctly held that the rule in *Prophecy* applies to movants as well as respondents so that if a movant for summary judgment provides a reasonable explanation for a contradiction, the inconsistency will not be construed against him. However, contrary to the Court of Appeals' further holding, the reasonable explanation merely permits the favorable portion of the contradictory testimony to remain as evidence to be considered; the reasonable explanation does not operate to *eliminate* the adverse unfavorable testimony so as to *establish* any fact authorizing the *grant* of summary judgment. The reasonable explanation does not act to exclude the existence of an issue of fact, if such is raised by the party's contradictory statements themselves, or by other evidence presented by the opposite party. Here, the movant's contradictory statements created an issue of fact and the trial court erred by granting summary judgment in favor of the movant.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 5, 1987 —
RECONSIDERATION DENIED NOVEMBER 18, 1987.

*James B. Gordon*, for appellant.
*John W. Winborne III, Donald E. Loveless*, for appellee.