75347. CITIZENS & SOUTHERN BANK OF ALBANY et al. v. SWAIN.
(366 SE2d 191)

SOGNIER, Judge.

Christine H. Swain, individually and as executrix of the estate of Dixon H. Swain, brought a medical malpractice action against the Citizens and Southern Bank of Albany and Myrtis Rhyne (collectively C & S), the joint executors of the estate of Dr. W. P. Rhyne. C & S moved in limine to exclude certain testimony at trial. The trial court denied the motion, but certified its ruling for immediate review, and we granted C & S's application for interlocutory review.

The record reveals that while being treated for a knee infection

in Dr. Rhyne's office, Dixon H. Swain suffered an anaphylactic reaction to an injection of penicillin, from which he never recovered. There is conflicting evidence in the record, in the form of deposition testimony, as to whether Dr. Rhyne had prior knowledge that Dixon Swain was allergic to penicillin. Dr. Rhyne's office assistants testified that notations on the record card for Dixon Swain, indicating "allergic to penicillin," had not been made before Swain's unfortunate reaction to the injection, although the record card also indicates Swain's initial visit to Dr. Rhyne took place some three months before. Appellant and her son testified, however, that Dixon Swain told them he had informed Dr. Rhyne of his allergy to penicillin long before the day in question. It is this testimony which appellants claim is inadmissible.

Appellants contend the trial court erred by denying their motion in limine because the testimony sought to be excluded is hearsay, and is not trustworthy. We agree and reverse. While conceding that the testimony is hearsay, appellees argue that it should be admitted because both witnesses to the occurrence are deceased, and thus this hearsay testimony is "necessary," it being the only evidence of the transaction. Although appellees correctly point out that OCGA § 24-3-1 (b) provides that "[h]earsay evidence is admitted only in specified cases from necessity," our courts have required that the testimony be trustworthy as well.

" 'The two underlying reasons for any exception to the hearsay rule are a necessity for the exception and a circumstantial guaranty of the trustworthiness of the offered evidence — that is, there must be something present which the law considers a substitute for the oath of the declarant and his cross-examination by the party against whom the hearsay is offered. However, the mere fact that a witness is dead does not render the declarations admissible, although, if in addition to the death of a witness there are circumstances which attribute verity to his declarations, the hearsay rule may be relaxed to permit the admission of such declaration.' [Cit.]" *Irby v. Brooks*, 246 Ga. 794, 795-796 (I) (273 SE2d 183) (1980). The *Irby* court distinguished both *Fountain v. Cabe*, 242 Ga. 787 (251 SE2d 529) (1979) and *Jaakkola v. Doren*, 244 Ga. 530 (261 SE2d 701) (1979), relied on by appellee. In *Fountain*, supra, statements were admitted into evidence which "were made by decedent to numerous persons over an extended period of time." *Irby*, supra at 796. In *Jaakkola*, "[t]he witness testifying to the statements was a neighbor and friend of decedents who had no interest in the outcome of the trial." *Irby*, supra at 796. Thus, in both cases, "trustworthiness" was found in the disinterested nature of the propounding witnesses. We find *Transamerica Ins. Co. v. Thrift-Mart*, 159 Ga. App. 874, 878-879 (2) (285 SE2d 566) (1981) distinguishable as well, in that the hearsay testimony admitted there had been given by the decedent at a deposition, and we found that such

testimony, given under oath and recorded, was "trustworthy" enough to satisfy the requirement for admissibility under the "necessity" exception. We find no such guarantee of trustworthiness in the evidence sought to be admitted here. Although the opinion in *Belote v. Belote*, 167 Ga. App. 8, 10 (5) (306 SE2d 24) (1983) does not disclose the nature of the statements attributed to the dead declarant, they could not have been made prior to the commencement of the controversy (a distinction made by the dissent here), since that controversy was a dispute over proceeds of insurance on the declarant's life. As such, the statements in *Belote* were no more "self-serving" when made than the statement in the present case. Yet in *Belote* this court held that *Irby*, supra, was entirely applicable and the statements were inadmissible.

It is true, as the dissent points out, that in *res gestae* situations appellate courts have given deference to a trial court's rulings on the admissibility of evidence unless clearly erroneous. However, the same leeway has not been adopted in regard to dead declarant situations. Instead, dead declarant situations have been *distinguished* from those involving statements which are part of the *res gestae*. See, e.g., *Chrysler Motors v. Davis*, 226 Ga. 221, 226-7 (173 SE2d 691) (1970). We see no reason to blur the distinction in this case. The statement sought to be admitted here is not only hearsay; it is double hearsay. Appellee offered to testify that her deceased husband *told her* that *he had told* the now deceased Dr. Rhyne of his allergy to penicillin. Since both the declarant and the person to whom the statement was allegedly made are both dead and thus unavailable for cross-examination, the statement's "trustworthiness" necessarily depends on that of its offeror. That is the lesson of *Chrysler Motors*, *Irby*, and *Belote*, supra. Using that as the threshold test, we find that here, as in *Irby*, supra, the statements of the decedent "were offered by witnesses who stood to gain the most from their admission. We cannot say that these statements meet the test of trustworthiness." Id. at 796. It should be noted that the issue of whether Dr. Rhyne was or should have been aware of the penicillin allergy will not be kept from the jury when the case is tried. The record reflects other evidence bearing on that question. However, they should not have before them, when they decide this issue, evidence which is inherently untrustworthy. It follows that the trial court erred by denying appellant's motion in limine.

*Judgment reversed. Birdsong, C. J., McMurray, P. J., Banke, P. J., and Benham, J., concur. Deen, P. J., Carley, Pope, and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

I respectfully dissent and would affirm. The evidence in question

is not conclusively inadmissible as a matter of law, so that deference should be given to the trial court's ruling which would allow the hearsay evidence.

The two criteria of necessity and trustworthiness, initially articulated in *Chrysler Motors Corp. v. Davis*, 226 Ga. 221, 224 (1) (173 SE2d 691) (1970), are reiterated and applied in *Irby v. Brooks*, 246 Ga. 794, 795 (I) (273 SE2d 183) (1980), despite the interim pronouncements in *Fountain v. Cabe*, 242 Ga. 787, 789 (3) (251 SE2d 529) (1979), and *Jaakkola v. Doren*, 244 Ga. 530, 531 (1) (261 SE2d 701) (1979).

The "necessity" part of the test is met by the two obligatory facts: the declarant is dead, and there are no other witnesses to the alleged occurrence. Only the doctor and Mr. Swain were present when Mr. Swain informed the doctor that he was allergic to penicillin, and the doctor is also dead. That the "necessity" criterion is satisfied is not disputed.

The issue is whether the offered evidence is sufficiently trustworthy to meet that part of the two-criteria test for permitting the jury to consider this evidence. We should not disturb the ruling unless the court's determination, that the evidence is sufficiently informative and reliable to warrant jury consideration, is clearly erroneous. *Andrews v. State*, 249 Ga. 223, 228 (290 SE2d 71) (1982). As noted in that case: "The rules of evidence . . . are nothing more than standards which thoughtful observers have found to be effective in delineating that information which is both enlightening and reliable to such degree as to warrant being considered in the making of important decisions." Id. at 227. *Andrews* involved a similarly limited exception to the hearsay rule, *res gestae*. The principle expressed in *Andrews* was applied also in *Henry v. State*, 176 Ga. App. 462, 463 (3) (336 SE2d 588) (1985), and *Mayer v. Self*, 178 Ga. App. 94, 95 (2) (341 SE2d 924) (1986). The leeway accorded the judgment of the trial court in *res gestae* situations, OCGA § 24-3-3, should also be afforded in dead declarant situations, OCGA § 24-3-1.

Legal trustworthiness is not the same as factual trustworthiness. To meet the legal trustworthiness criterion, the proponent need only show threshold trustworthiness. Are there sufficient indicia or circumstances present so that the jury may know of the statement and decide for itself whether it is trustworthy? It is the jury, of course, which primarily and ultimately determines credibility.

There are two aspects of the trustworthiness criterion. One is the trustworthiness of the statement when made by the declarant, whose death precludes cross-examination as a witness. If the statement was made in circumstances in which it is unlikely to have been untrue, it meets this aspect of trustworthiness. In other words, " 'there must be something present which the law considers a substitute for the oath of

the declarant and his cross-examination by the party against whom the hearsay is offered . . .' " *Chrysler*, supra at 224. In some cases, that is met by the conclusion that the statement is embraced in the res gestae. See *Chrysler*, supra at 226.

That is not the case here but the requirement is nevertheless fulfilled, as it is likely that Mr. Swain was truthful when he told his wife and son, upon arriving home from the doctor's, that he had advised the doctor he was allergic to penicillin. At the time and in the context in which it was made, it was not a self-serving statement which Mr. Swain would be foreclosed from testifying to at trial were he alive. That is what is at issue when the first aspect is examined. *Chrysler*, supra. Obviously, if the declarant could not testify to it, no one else could; the hearsay objection just adds another blow.

Mrs. Swain testified that the declarant always told doctors whom he consulted of his allergy, because he was very conscious of it, having had a bad reaction some years earlier. She testified that he would even offer this information in general, when casually talking to people about medical problems. The statement was made three months before the fatal administration of penicillin. It was made in the ordinary course of telling his wife and visiting adult son what had transpired during this, his initial appointment with the new doctor about a bothersome problem. No factors appear which would cast a shadow over the threshold trustworthiness of this statement. It is at least legally likely that Mr. Swain was truthful when he stated that he had told the doctor of his allergy. The evidence demonstrates "a circumstantial guaranty of the trustworthiness of the offered evidence," which is the crucial inquiry. *Chrysler*, supra at 224; *Irby*, supra at 795.

The jury, of course, may reject this conclusion for any number of reasons, such as that Mr. Swain had forgotten that he did *not* in fact tell the doctor, or that he was merely trying to assure his wife or allay or prevent her anxiety but was in fact not being honest. The point is, the ultimate trustworthiness can be left to the jury here. It is for the jury, under appropriate instructions, to determine the weight and credibility of the declarations. OCGA § 24-9-80; *Raleigh & Gaston R. R. Co. v. Allen*, 106 Ga. 572, 575 (1) (32 SE 622) (1898); *Adams v. Adams*, 218 Ga. 67, 77 (4) (126 SE2d 769) (1962).

The second aspect of trustworthiness relates to that of the witness. This is what was focused on in *Jaakkola v. Doren*, 244 Ga. 530, supra. While trustworthiness was found there *because* the witness who repeated the declarant's statement had no interest in the outcome of the case, the opposite is not necessarily true. Just because the witness has an interest, as do the wife and son here, does not make the declaration untrustworthy as a matter of law. It is a circumstance which would weigh against its trustworthiness, it is true, but this neg-

ative factor is fully explorable by cross-examination of the interested witness. In addition, it is subject to jury argument to the effect that it should be discounted because of the interest of the witness who brings it to them. The jury need not be shielded from it altogether. In any event, this factor should not be dispositive here.

A circumstance supporting trustworthiness here is that not just one person, but two people, have testified that decedent made the statement. To reject this as a supporting fact would require an assumption not just of fabrication but in addition of collusion.

This case differs from *Irby* because there the evidence failed on both aspects of trustworthiness. The declarant's statements were "entirely self-serving" when made, *and* they were "offered by witnesses who stood to gain the most from their admission." *Irby*, supra at 796. Upon this double failure, the Court concluded that it could not say that the statements met the test of trustworthiness, so the trial court did not err in excluding them. The same dual failure was found in *Hodges v. Effingham County Hosp. Auth.*, 182 Ga. App. 173, 175 (3) (355 SE2d 104) (1987), and *Gentile v. Miller, Stevenson & Steinichen*, 182 Ga. App. 690, 692 (1) (356 SE2d 666) (1987), rev'd on other grounds, 257 Ga. 583 (361 SE2d 383) (1987), and apparently in *Belote v. Belote*, 167 Ga. App. 8, 10 (5) (306 SE2d 24) (1983). See also *Cummings v. Grubb*, 184 Ga. App. 872 (363 SE2d 167) (1987).

As to the self-serving nature of the declarations of the decedent, *Hodges* differs from the present case because in *Hodges* the statements about decedent's physical condition were made by her immediately prior to her death. *Gentile* differs because the decedent's statement was a denial of his having been informed by his employer of his right to enroll in an insurance plan, after it was found that he was not enrolled. The opinion in the *Belote* case does not disclose the nature or circumstances of the statements. In *Chrysler*, the statement was made *after* the decedent suffered the injury.

The distinction between those cases and this is that the statements were self-serving *when made*, that is, the issue of fact had already arisen and the declarant was taking a position contrary to that taken by one with a contrary interest. When Mr. Swain stated to his wife and son that he told the doctor he was allergic to penicillin, there is no evidence that he knew or believed the doctor would deny this. The issue of fact did not arise until three months later, and it cannot be said that it was anticipated.

If we are to rely on juries to try the facts and ascertain the truth, and if we are to assume that jurors have common sense derived from everyday experience, then we should be chary to keep from them bits and pieces of evidence which may assist in the process, in however small a way, particularly when they relate to the crucial factual question in the case. " '(T)he policy of Georgia [law] is to admit evidence,

even if its admissibility is doubtful, because it is more dangerous to suppress the truth than to allow a loophole for falsehood.'" *Whidby v. Columbine Carrier*, 182 Ga. App. 638, 645 (356 SE2d 709) (1987). See also *Brandon v. State*, 165 Ga. App. 94, 95 (1) (299 SE2d 162) (1983); OCGA § 24-1-2.

There are sufficient factors to constitute a substitute for the oath of the declarant and his cross-examination by the party against whom the hearsay is offered to meet the threshold for admission. This is what is at the heart of the requirement to overcome the hearsay objection. *Chrysler Motors Corp.*, supra. See also the relevant Federal Rules of Evidence, as footnoted in *Irby v. Brooks*, supra at 796, which grant a degree of discretion to the trial judge.

I am authorized to state that Presiding Judge Deen, Judge Carley, and Judge Pope join in this dissent.

DECIDED FEBRUARY 4, 1988 —
REHEARING DENIED FEBRUARY 19, 1988 —

*G. Stuart Watson, Edmund A. Landau, Jr., Stephen S. Goss*, for appellants.

*William H. Major III*, for appellee.